## FINCK et v HILL

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 11,578. Decided June 8, 1931

Rocker & Schwartz, Cleveland, for Hill.
E. A. Binyon, Cleveland, for Finck et.

MAUCK, PJ, and MIDDLETON, J, (4th Dist), and FARR, J, (7th Dist) sitting.

MIDDLETON, J:

The sole question in this proceeding is whether under the evidence the defect in the stairway was such an obstruction that had the hall been lighted Mary Hill in the exercise of due care would have seen and avoided it. She charged in her petition that her injury was due not only to the failure of the defendants to maintain a proper light, but also to a defective step on the stairway. Conceeding that she could not recover for the absence of a light, this conclusion will not apply to the defect in the step which she maintains caught her foot cr tripped her, and which she further claims caused her to fall down the stairway. The jury might have found that this defect in the stairway was the sole and proximate cause of her injury. It is only fair to assume they so found, unless it further appeared to them that had the hall been lighted she would have seen the obstruction on the step and avoided it.

The case of **McKinly v Niederst, 118 Oh St, 334,** which the plaintiffs in error rely on here as decisive of their contention in this proceeding, is not controlling. In that case Judge Marshall says, page 339:

"The stairway was not unsafe and was

not an unnecessary institution. It was only dangerous in the sense that it must be utilized cautiously."

In the instant case the claim of Mary Hill is that the stairway was dangerous and that a defect in the stairway caught her foot and caused her to fall.

The trial court fully explained to the jury the liability of the defendants' below arising from that claim. We are not prepared to say from the record that the jury was not warranted in returning a verdict on that claim alone, and the judgment therefore must be affirmed.

MAUCK, PJ, and FARR, J, concur.